/

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANDFORD,<br><br>            Plaintiff,<br><br>     v.<br><br>ALEXANDRA PULLION, et al.,<br><br>            Defendants. | CASE NO. 1:16-cv-01010-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 8)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On August 5, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim but gave leave to amend. (ECF No. 7.) His first amended complaint is before the Court for screening.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital, where the acts giving rise to his complaint occurred. He names Alexandra Pullion as the sole defendant in this action. His allegations may be summarized essentially as follows:

2

On July 10, 2016, Plaintiff experienced chest pain. He approached Defendant regarding his pain and Defendant refused to provide immediate treatment.[1] According to Plaintiff, the denial of treatment was a violation of policy or regulations requiring him to be immediately treated unless another patient is in cardiac or respiratory arrest.

Plaintiff seeks money damages and injunctive relief.

**IV.    Analysis**

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). Such individuals are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Id. at 320-22.

---

[1] Plaintiff regularly files suit alleging that staff at CSH failed to treat his chest pain. E.g., Cranford v. Adams, No. 1:14-cv-0252-JLT (E.D. Cal. June 6, 2014); Cranford v. Estrellado, No. 1:07-cv-1829-OWW-MJS (PC) (E.D. Cal. Oct. 1, 2010); Cranford v. Nickels, No. 1:07-cv-1812-JLT (PC) (E.D. Cal. Dec. 28, 2011) (collecting cases); Cranford v. Perryman, No. 1:13-cv-0763-BAM (E.D. Cal. Oct. 9, 2014). These actions were decided adversely to Plaintiff.  In Cranford v. Crawford, No.  1:14-cv-0055 (PC) (E.D. Cal. Aug. 31, 2016), this Court issued findings and a recommendation that Plaintiff be found a vexatious litigant.  Because that recommendation is pending before the District Court, the Court here screens the instant complaint under the 28 U.S.C. § 1915(e)(2)(B)(ii) criteria.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff does not allege facts to show that Defendant failed to exercise professional judgment. Nor does he allege that any departure from professional judgment caused him harm.[2] He does not show that the failure to provide immediate treatment was a "substantial departure from accepted professional judgment" under the circumstances presented to Defendant.

To the extent Plaintiff attempts to establish liability based on Defendants' violation of an institutional policy or California regulations, he fails to state a claim. Plaintiff fails to provide authority for the existence of a private right of action under either authority. See Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D.Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations). Furthermore, any such claims arise under state law and are not properly before this Court absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**V.    Conclusion and Recommendation**

Plaintiff's first amended complaint does not state a cognizable claim for relief. He previously was advised of pleading deficiencies and afforded the opportunity to correct

---

[2] A the Court previously noted, Plaintiff stated in his initial complaint that his chest pain resolved on its own without medical intervention. (ECF No. 7.)

4

them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 2, 2016            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE